1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEIL JACOBSEN, | ) Case No. CV 15-8524-GW (KK) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DISMISSING COMPLAINT |
| | ) WITH LEAVE TO AMEND |
| C. BEENEY, et al., | ) |
| | ) |
| Defendants. | ) |

Plaintiff Michael Neil Jacobsen ("Plaintiff"), proceeding pro se and in forma pauperis[1], has filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. The Complaint alleges defendants C. Beeney and B. Snider violated Plaintiff's due process rights and retaliated against Plaintiff. The Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). As discussed below,

---

[1]     The Court has conditionally granted Plaintiff's Request for Leave to Proceed without Prepayment of Filing Fee and ordered Plaintiff to file a certified copy of his inmate trust account statement for the last six months by January 7, 2016. See ECF Docket No. ("Dkt.") 7, Civil Mins.

1

1  the Court dismisses the Complaint with leave to amend.

2  ## I.

3  ## BACKGROUND

4  On October 25, 2015, Plaintiff, an inmate at California Correctional

5  Institution ("CCI"), constructively filed[2] a civil rights complaint ("Complaint")

6  pursuant to 42 U.S.C. § 1983.  See Compl.  The Complaint alleges defendant

7  Beeney is a CCI Counselor and defendant Snider is the head of the CCI

8  Classification Committee.  Id. at 4.[3]  The Complaint sues defendants Beeney and

9  Snider in their official and individual capacities.  Id. at 3.

10  Plaintiff first alleges defendants Beeney and Snider violated his due process

11  rights.  Id. at 4.  Plaintiff alleges on August 26, 2014, as an inmate at Wasco State

12  Prison ("WSP"), he "was written up for a division 'D' offense of assault on a non-

13  inmate."  Id.  Plaintiff alleges on November 13, 2014, he was consequently: (1)

14  "given a 9 month determinate [Segregated Housing Unit ("SHU")] term;" (2) "D-2

15  status" for a period of ninety days; and (3) ordered to forfeit "90 days of credit."  Id.

16  Plaintiff alleges on March 26, 2015, he was transferred to CCI.  Id.  Plaintiff

17  alleges around October 8, 2015, defendant Beeney requested the CCI Classification

18  Committee increase the disciplinary actions applied on November 13, 2014.  Id.

19  Plaintiff further alleges on October 14, 2015, defendant Snider complied by

20

21

22  [2]      Under the "mailbox rule," when a pro se inmate gives prison authorities a

23  pleading to mail to court, the court deems the pleading constructively "filed" on the
   date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010)

24  (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating
   the "mailbox rule applies to § 1983 suits filed by pro se prisoners").  Here, Plaintiff

25  signed and dated his complaint on October 25, 2015.  See Dkt. 1, Compl.  Thus,

26  the Court deems October 25, 2015 the filing date.

27  [3]      The Court refers to the pages of the Complaint as if they were consecutively

28  numbered.

1 "revers[ing] W.S.P.'s decision to only keep [Plaintiff] on D-2 status for 90 days
2 ordering [Plaintiff's] time recalculated with [Plaintiff] remaining on D-2 for the
3 entire 9 month SHU term."  Id.  Plaintiff alleges this recalculation "added an
4 additional 38 days to [his] release date."  Id.

5        Plaintiff also alleges defendants Beeney and Snider violated his free speech
6 rights "in direct retaliation for any combination of three of [Plaintiff's] actions, all
7 of which are protected by the 1st Amendment."  Id. at 5.  First, Plaintiff alleges in
8 2010, he "testified (being deposed) as a witness" on behalf of an inmate called
9 "Woodson" and on October 14, 2015, a CCI officer put Plaintiff "into a holding
10 cage in a room by [him]self" and indicated "they were doing this to [him]" because
11 he testified for inmate Woodson.  Id.  Second, Plaintiff alleges he filed a lawsuit
12 against CCI Sergeant Diaz, "CCI got a subpoena from one of the Defendants in the
13 Diaz suit to produce all of [Plaintiff's] medical records" four days before defendant
14 Beeney requested defendant Snider recalculate Plaintiff's time, and CCI Sergeant
15 Diaz escorted Plaintiff to the CCI law library -- "as if to let [Plaintiff] know it was
16 because of [his] lawsuit on [Diaz]."  Id.  Third, Plaintiff alleges he "attempt[ed] to
17 file 602's and a Claim with the Gov. Claims Board in Sacramento on CCI over
18 [Plaintiff's] lost property."  Id.  Finally, Plaintiff alleges after defendant Snider
19 recalculated his time, Plaintiff told defendant Beeney he would write the
20 Ombudsman and defendant Beeney replied: "That's why this is happening to you,
21 because you keep filing all kinds of stuff."  Id. at 5-6.

22        Plaintiff seeks damages of $150,000.00 "for both compensa[to]ry and
23 punitive damages."  Id. at 7.

## II.

## STANDARD OF REVIEW

26        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a
27 complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ.
28 P. 12(b)(6).  The Ninth Circuit has held "[a] trial court may dismiss a claim sua

1  sponte under Fed. R. Civ. P. 12(b)(6)" and has also stated "[s]uch a dismissal may
2  be made without notice where the claimant cannot possibly win relief." Omar v.
3  Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citing Wong v. Bell, 642
4  F.2d 359, 361-62 (9th Cir. 1981)).

5      A complaint may be dismissed for failure to state a claim "where there is no
6  cognizable legal theory or an absence of sufficient facts alleged to support a
7  cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)
8  (citation and internal quotation marks omitted). In considering whether a complaint
9  states a claim, a court must accept as true all of the material factual allegations in it.
10 Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need
11 not accept as true "allegations that are merely conclusory, unwarranted deductions
12 of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049,
13 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a
14 complaint need not include detailed factual allegations, it "must contain sufficient
15 factual matter, accepted as true, to state a claim to relief that is plausible on its
16 face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal
17 quotation marks omitted). A claim is facially plausible when it "allows the court to
18 draw the reasonable inference that the defendant is liable for the misconduct
19 alleged." Id. (citation and internal quotation marks omitted). The complaint "must
20 contain sufficient allegations of underlying facts to give fair notice and to enable the
21 opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216
22 (9th Cir. 2011).

23      "A document filed pro se is to be liberally construed, and a pro se complaint,
24 however inartfully pleaded, must be held to less stringent standards than formal
25 pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct.
26 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted);
27 Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

28      If the court finds a complaint should be dismissed for failure to state a claim,

1  the court has discretion to dismiss with or without leave to amend.  <u>Lopez v. Smith</u>,
2  203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it
3  appears possible the defects in the complaint could be corrected, especially if the
4  plaintiff is <u>pro se</u>.  <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103,
5  1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a
6  complaint cannot be cured by amendment, the court may dismiss without leave to
7  amend.  <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962,
8  972 (9th Cir. 2009).

**III.**

**<u>DISCUSSION</u>**

**A.   PLAINTIFF'S OFFICIAL CAPACITY CLAIMS FAIL**

    **1.   Applicable Law**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); <u>see also</u> <u>Brandon v. Holt</u>, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party in interest is the entity."  <u>Graham</u>, 473 U.S. at 166.  Because no respondeat superior liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom.  <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>see also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).  A plaintiff must show "that a [government] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity."  <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted).  In addition, the plaintiff must show the policy was "(1) the cause in fact and (2) the proximate cause of the

5

1  constitutional deprivation." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996).

2  **2.     Analysis**

3  Here, Plaintiff fails to show defendants Beeney and Snider acted pursuant to

4  a formal governmental policy, or a longstanding practice or custom. <u>See</u> <u>Gillette</u>,

5  979 F.2d at 1346.  Plaintiff's official capacity claims against defendants Beeney and

6  Snider must therefore be dismissed with leave to amend.  If Plaintiff wishes to sue

7  defendants Beeney and Snider in their official capacities, he must show they acted

8  pursuant to a policy, and the policy was "(1) the cause in fact and (2) the proximate

9  cause of the constitutional deprivation." <u>See</u> <u>Trevino</u>, 99 F.3d at 918.

10  **B.     PLAINTIFF'S DUE PROCESS CLAIMS FAILS**

11  **1.     Applicable Law**

12  "Prison disciplinary proceedings are not part of a criminal prosecution, and

13  the full panoply of rights due a defendant in such proceedings does not apply."

14  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

15  Nevertheless, where an inmate faces a disciplinary proceeding that may cause the

16  loss of good time credits, the inmate must receive "written notice of the charges . . .

17  in order to inform him of the charges and enable him to marshal the facts and

18  prepare a defense.  At least a brief period of time after the notice, no less than 24

19  hours, should be allowed to the inmate to prepare for the appearance" at the

20  proceeding. <u>Id.</u> at 555.  Further, "the inmate facing disciplinary proceedings should

21  be allowed to call witnesses and present documentary evidence in his defense when

22  permitting him to do so will not be unduly hazardous to institutional safety or

23  correctional goals." <u>Id.</u> at 566.  In addition, "there must be a written statement by

24  the factfinders as to the evidence relied on and reasons for the disciplinary action."

25  <u>Id.</u> at 564 (internal quotation marks omitted).

26  **2.     Analysis**

27  Here, Plaintiff does not challenge the disciplinary proceedings on November

28  13, 2014, but alleges defendants Beeney and Sidney violated his due process rights

by causing recalculation of his time and delaying his release.  Compl. 4.  Plaintiff
alleges defendant Beeney requested the CCI Classification Committee increase the
disciplinary actions applied on November 13, 2014 and defendant Snider complied
by extending Plaintiff's D-2 status from ninety days to nine months.  Id.  Insofar as
Plaintiff's extended D-2 status caused him to lose good time credits, Plaintiff may
have been entitled to due process protections.  See Wolff, 418 U.S. at 556.
However, Plaintiff fails to allege sufficient facts showing he was deprived of due
process.  See id.  If Plaintiff wishes to pursue his due process claim, he must clarify
whether defendants Beeney and Snider subjected him to a hearing that could have
caused the loss of good time credits and allege: (1) Plaintiff received no "written
notice of the charges . . . in order to inform him of the charges and enable him to
marshal the facts and prepare a defense;" (2) Plaintiff was not "allowed to call
witnesses and present documentary evidence in his defense when permitting him to
do so w[ould] not be unduly hazardous to institutional safety or correctional goals;"
or (3) no "written statement by the factfinders as to the evidence relied on and
reasons for the disciplinary action" exists.  See id. at 555-56, 566.  In the absence of
such allegations, Plaintiff's due process claim must therefore be dismissed with
leave to amend.

**B.  PLAINTIFF'S RETALIATION CLAIMS MAY PROCEED**

    **1.  Applicable Law**

        Allegations of retaliation against an inmate's First Amendment rights to
speech or to petition the government may support a 42 U.S.C. § 1983 claim.  See
Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  Within the prison context, a
viable claim of First Amendment retaliation entails five elements: (1) the plaintiff
engaged in protected conduct; (2) an assertion that a state actor took some adverse
action against the plaintiff; (3) the adverse action was "because of" the plaintiff's
protected conduct; (4) the adverse action "would chill or silence a person of
ordinary firmness from future First Amendment activities;" and (5) the action did

1  not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408

2  F.3d 559, 562, 567-68 (9th Cir. 2005).

3      **2.**    **Analysis**

4        Here, Plaintiff sufficiently alleges a retaliation claim.  First, Plaintiff's

5  testifying in a deposition, filing a lawsuit, and expressing plans to write the

6  Ombudsman constitute protected conduct.  Compl. 5.  Second, Plaintiff asserts

7  defendants Snider and Beeney recalculated his time and delayed his release.  Id.

8  Plaintiff also asserts a CCI officer put Plaintiff into a holding cage.  Id.  Third,

9  Plaintiff alleges defendants Snider and Beeney recalculated his time because

10  Plaintiff testified in a deposition, filed a lawsuit, and expressed plans to write the

11  Ombudsman.  Id.  Fourth, recalculation of time or delayed release would chill or

12  silence a person of ordinary firmness from future First Amendment activities.  Id.

13  Fifth, Plaintiff alleges the recalculation of time or delayed release did not

14  reasonably advance a legitimate correctional goal.  Id.  Indeed, Plaintiff alleges

15  defendant Beeney stated "this [wa]s happening to [Plaintiff], because [Plaintiff]

16  ke[pt] filing all kinds of stuff."  Id. at 5-6.  Plaintiff has thus sufficiently stated a

17  First Amendment claim for retaliation.  See Rhodes, 408 F.3d at 567-68.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26

27

28

**IV.**

**LEAVE TO FILE FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal.  However, as the Court is unable to determine whether amendment would be futile, leave to amend is granted.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, IT IS ORDERED THAT within twenty-one (21) days of the service date of this Order, Plaintiff choose one of the following options:

1.      Plaintiff may file a First Amended Complaint ("FAC") to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the FAC, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a FAC, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the FAC must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>Id.</u>  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the FAC.  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

///

///

9

1    2.    Alternatively, Plaintiff may request a voluntary dismissal of his

2 official capacity and due process claims without prejudice, pursuant to Federal Rule

3 of Civil Procedure 41(a).  If Plaintiff chooses this option, this action will proceed on

4 his retaliation claim only.  **The Clerk of Court is directed to mail Plaintiff a**

5 **blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

6

7    The Court cautions Plaintiff that failure to timely comply with this Order will

8 result in dismissal of this action for failure to prosecute and comply with court

9 orders.

10

11

12

13 DATED: December 14, 2015    _____

14    HONORABLE KENLY KIYA KATO
    UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

10